# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DENNIS B.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　Defendant. | Case No. ED CV 19-02000-DFM<br><br>MEMORANDUM OPINION AND ORDER |

## I.　INTRODUCTION

　　　Dennis B. ("Plaintiff") applied for Social Security Disability Insurance Benefits on May 16, 2014, alleging disability beginning July 26, 2011. See Dkt. 17, Administrative Record ("AR") 38, 107-08.[1] After being denied initially, see AR 40-44, and on reconsideration, see AR 50-53, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") on October 19, 2018, see AR 54, 865-911.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

　　　Additionally, all citations to the administrative record are to the record pagination. All other docket citations are to the CM/ECF pagination.

The ALJ issued an unfavorable decision on February 22, 2019. See AR 14-28. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. See AR 19. At step two, the ALJ determined that Plaintiff had the severe impairments of "degenerative disc disease of the thoracic and lumbar spine, osteoarthritis of the left hip, hypertension, and obesity." AR 20. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 21.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with some additional limitations. See id. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. See AR 25. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that someone with Plaintiff's RFC could perform jobs that exist in the national economy, including small products assembler II (DOT 739.687-030), cashier II (DOT 211.462-010), and bench assembler (DOT 706.684-042). See AR 26-27. Accordingly, the ALJ denied benefits. See AR 27.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 5-8. This action followed. See Dkt. 1.

## II.   LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable

2

mind might accept as adequate to support a conclusion." <u>Desrosiers v. Sec'y of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

### III.   DISCUSSION

The parties dispute whether the ALJ erred in determining that Plaintiff could perform alternative work at step five. <u>See</u> Dkt. 20, Joint Stipulation ("JS") at 4.

### A.   Background

At the hearing, the ALJ posed several hypotheticals to the VE, all of which assumed an individual who could stand and walk two hours out of an eight-hour workday. AR 903-06. The VE testified that an individual with Plaintiff's RFC could not perform Plaintiff's past work, but could perform some light, unskilled work, namely the representative positions of small products assembler II (DOT 739.687-030), cashier II (DOT 211.462-010), and bench assembler (DOT 706.684-042). <u>See</u> AR 903-04. The VE reduced the number of jobs available nationally for the representative positions to account for Plaintiff's standing and walking limitation. <u>See id.</u> The VE testified that her testimony was inconsistent with the Dictionary of Occupational Titles ("DOT") with regards to the standing and walking limitation, but, based on her training and experience, some light jobs would be available. <u>See</u> AR 906. The ALJ ultimately adopted the VE's testimony that Plaintiff could perform these representative positions. <u>See</u> AR 31-32.

### B.   Applicable Law

At step five of the disability determination, the ALJ has the burden of establishing that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1101 (9th Cir. 1999). "[T]he best source for how a job is generally performed is usually the [DOT]." <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th

Cir. 2001). Should an "apparent or obvious" conflict arise between a VE's testimony regarding the claimant's ability to perform alternative jobs and the DOT's description of those jobs, the ALJ must ask the VE "to reconcile the conflict" and must determine whether the VE's explanation is reasonable before relying on that testimony. Gutierrez v. Colvin, 844 F.3d 804, 807-08 (9th Cir. 2016).

**C.    Analysis**

Plaintiff argues that the ALJ's step five determination that Plaintiff could perform alternative light jobs is not supported by substantial evidence. See JS at 4-8, 12-14. Specifically, Plaintiff contends that the ALJ did not resolve the conflict between the VE's testimony that Plaintiff can perform light jobs despite his RFC, which limited him to standing and walking only two hours out of an eight-hour workday, and the DOT's description of light work as requiring walking or standing to a "significant degree." DOT, App. C; see also Social Security Ruling ("SSR") 83-10 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). The parties appear to agree that an apparent conflict existed, and thus the only issue before the Court is whether the ALJ properly resolved this conflict.

The Court finds that the ALJ did so and her decision is supported by substantial evidence. At the hearing, the ALJ asked the VE whether her testimony about the alternative jobs was inconsistent with the DOT. See AR 906. The VE testified that her testimony conflicted with the DOT to the extent that the standing and walking limitation is inconsistent with some jobs in the light category, but she stated that her testimony and opinion was based on her training and experience. See id. Subsequently, in her decision, the ALJ acknowledged this apparent conflict between the DOT and the VE's testimony, but she determined that the VE's training and experience was a

4

reasonable explanation for the discrepancy. See AR 27. An ALJ may rely on a VE's experience as a reasonable explanation for deviating from the DOT. See Buckner-Larkin v. Astrue, 450 F. App'x 626, 628-29 (9th Cir. 2011) (finding that a conflict between the DOT and VE was appropriately explained where the VE offered testimony based on his own labor market surveys, experience, and research); Morey v. Berryhill, No. 16–6491, 2018 WL 1415160, at *3 (C.D. Cal. Mar. 20, 2018) (holding that the ALJ obtained a reasonable explanation for an apparent conflict where the VE reduced the number of jobs available and stated that his testimony was based on his experience). Thus, the ALJ fulfilled her duty to obtain a reasonable explanation for the VE's variance from the DOT, and permissibly relied on the VE's testimony in determining that Plaintiff could perform alternative work.

      Plaintiff further points to vocational data from additional sources, including the Occupational Requirements Survey ("ORS"), Occupational Outlook Handbook ("OOH"), and Occupational Information Network ("O*Net"), to support his argument that the standing and walking required for light jobs exceeds his standing and walking limitation. JS at 6-7, 13-14. As the Commissioner contends, see JS at 10, Plaintiff waived this argument by failing to raise it before the agency. See Shaibi v. Berryhill, 883 F.3d 1102, 1109-10 (9th Cir. 2017) (as amended) (holding that challenges based on an alleged conflict with alternative job information gleaned from alternative sources will be waived if not raised during the administrative proceeding). Although Shaibi involved waiver in the specific context of a claimant's failure to challenge a VE's job numbers, other district courts in this circuit have concluded that claims based on non-DOT materials that are not raised before the agency are waived not only as to job numbers but also to the VE's testimony on the whole. See Gonzalez v. Berryhill, No. 17-5402, 2018 WL 456130, at *2 (C.D. Cal. Jan. 17, 2018) (collecting cases); Williams v. Berryhill, No. 16-1989, 2017

WL 8283320, at *1 (C.D. Cal. Dec. 4, 2017). The Court finds these authorities persuasive. Thus, this claim is waived.

Even were the Court to find Plaintiff did not waive this argument, Plaintiff's reliance on this evidence is unavailing. The ALJ need only resolve conflicts between a VE's testimony and the DOT, not other sources of job information. See Shaibi, 883 F.3d at 1109 (finding that an ALJ is not required to investigate and resolve any apparent conflict between the VE's testimony and the OOH); Wagner v. Berryhill, No. 17-5698, 2018 WL 3956485, at *5-6 (C.D. Cal. Aug. 14, 2018) ("The ALJ had no obligation to address the VE's deviation from other sources such as O*NET or OOH."). Because the ALJ identified and resolved the apparent conflict with the DOT, the ALJ satisfied her duties. See SSR 00-4P.

Accordingly, the ALJ did not err at step five.

## IV. CONCLUSION

The decision is the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: December 10, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge